THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:17-cr-00037-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| KIMBERLY HOPE WILLIAMSON, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court upon the Defendant's letter [Doc. 30], which the Court construes as a motion for the early termination of supervised release.

On June 7, 2017, the Defendant pled guilty to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). [Doc. 13]. In May 2018, she was sentenced to a total term of 45 months' imprisonment to be followed by five years of supervised release. [Doc. 27]. The Defendant's term of supervision commenced on January 22, 2020 and is set to expire on January 21, 2025. The Defendant now moves the Court to exercise its discretion and terminate her term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). [Doc. 2].

In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Upon consultation with the Defendant's supervising probation officer, the Court is not satisfied that termination is warranted under the circumstances. The Defendant admitted to using methamphetamine on two occasions following the birth of her child in 2022. While the Defendant utilized the mental health and substance abuse services available and appears to have redirected her life after these incidents, her treatment only ended in May 2024. Given the short period of time that she has been out of treatment, and the relatively little time that she has left on supervision, the Court finds that early termination of her supervision is not warranted under the circumstances. For these reasons, the Court declines to exercise its discretion to terminate the Defendant's term of supervised release at this time.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 30], which the Court construes as a motion for the early termination of supervised release, is **DENIED**. The Defendant's term of supervised release shall continue as originally sentenced.

The Clerk is directed to serve a copy of this Order on the Defendant, counsel for the Government, and the United States Probation Office.

**IT IS SO ORDERED.**

Signed: November 5, 2024

Martin Reidinger
Chief United States District Judge

3

Case 1:17-cr-00037-MR-WCM     Document 32     Filed 11/06/24     Page 3 of 3